UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>CRISTIAN RIZO,<br><br>                Defendant. | Case No.: 13-cr-3878-BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. No. 29]** |
|---|---|

     Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification.

     Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement . . . generally prohibits

1

sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Defendant was convicted of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. He was sentenced in May 2014 (prior to the amendment to the drug offense Guidelines) to 108-months in prison. The Pre-Sentence Report indicates, and the Plea Agreement reflects, that Defendant had smuggled 16.28 kilograms of methamphetamine. Based on the Pre-Sentence Report and the Plea Agreement, the Court hereby makes supplementary findings that Defendant is more likely than not responsible for 16.28 kilograms of methamphetamine. *United States v. Mercado-Moreno*, 869 F.3d 942, 957 (9th Cir. 2017) ("It is sufficient for the district court to consider the amount of the new threshold in the retroactive amendment, here 4.5 kilograms, and determine whether a preponderance of the evidence in the record indicates that the defendant is more likely than not responsible for that amount.").

At that time, the Sentencing Guidelines for this drug quantity assigned a base offense level of 38. With Defendant's Criminal History Category of II, the resulting Guidelines range was 262 to 327-months. The amended Guidelines reduced the base offense level to 36. Calculated using a reduced base offense level of 36 and CHC II, the Guidelines range would now be 210 to 262-months. In both cases, the high end of the Guidelines range is capped at 240-months which is the statutory maximum penalty. Defendant's 108-month sentence is well below the low-end of the Guidelines range adjusted for the reduced base offense level.

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 29, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge